

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-13-2009

# In Re: Clinton Bush

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-4873

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"In Re: Clinton Bush " (2009). *2009 Decisions*. Paper 1016.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1016

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

CLD-216                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-4873
_____

IN RE: CLINTON BUSH,
                                                    Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the Eastern District of Pennsylvania
(Related to 98-CR-00370)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
June 11, 2009

Before: RENDELL, HARDIMAN and NYGAARD, Circuit Judges

(Opinion filed: July 13, 2009)
_____

OPINION
_____

PER CURIAM

Clinton Bush, a federal prisoner, has filed a petition for a writ of mandamus, asking

this Court to compel the District Court to amend his sentence. For the reasons that follow,

we will deny the petition.

Bush pleaded guilty in December 1998 in the United States District Court for the

Eastern District of Pennsylvania to one count of possession of a firearm by a convicted

felon in violation of 18 U.S.C. § 922(g), and was sentenced to 180 months imprisonment with a five year period of supervised release. He argues here that the maximum sentence for that violation is 120 months, and that the District Court's assertion that his 180 month sentence is authorized under 18 U.S.C. § 924(e)(1) is not supported by the record.

As Bush recognizes, mandamus is an extraordinary remedy. Kerr v. U.S. Dist. Ct., 426 U.S. 394, 402 (1976). Within the discretion of the issuing court, mandamus traditionally may be "used . . . only to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so." Id. (internal quotations and citations omitted). A petitioner must show "'no other adequate means to attain the desired relief, and . . . a right to the writ [that] is clear and indisputable.'" In re Patenaude, 210 F.3d 135, 141 (3d Cir. 2000) (citation omitted). Mandamus is not a substitute for appeal. Cheney v. U.S. Dist. Ct., 542 U.S. 367, 380-81 (2004).

Bush's claim is one that could have been addressed on direct appeal.[1] Bush's failure to raise the issue on direct appeal does not translate to a finding that he has "no other adequate means to attain the desired relief." Oracare DPO, Inc. v. Merin, 972 F.2d 519, 523 (3d Cir. 1992) (Petitioner for writ of mandamus will not be found to lack

---

[1] It appears that Bush waived his appellate rights. Bush has made numerous unsuccessful attempts to challenge his conviction and sentence, as reflected in appeals to this Court, including a § 2255 motion, see C.A. No. 01-3839; a motion filed pursuant to Fed. R. Civ. P. 60(b)(6), see C.A. No. 03-4027; and two petitions filed pursuant to 28 U.S.C. § 2241, see C.A. No. 07-1974 and C.A. No. 08-2929.

adequate means to obtain relief simply because he allowed time to appeal to expire).

Accordingly, mandamus relief is not appropriate here, and the petition will be denied.